USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2326 SHEIKH BASHIR AHMED, M.D., Plaintiff, Appellant, v. BERKSHIRE MEDICAL CENTER, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Dr. Sheikh Bashir Ahmed on brief pro se. _______________________ John F. Rogers, Kevin M. Kinne and Cain, Hibbard, Myers & Cook on ______________ _______________ ___________________________ brief for appellee. ____________________ August 21, 1996 ____________________ Per Curiam. In 1992, plaintiff Sheikh Bashir Ahmed, ___________ M.D. was discharged from his one-year term of employment as a resident in internal medicine at defendant Berkshire Medical Center, Inc., ostensibly because of unsatisfactory job performance. Plaintiff responded by filing the instant action in which he complained, inter alia, of national origin __________ discrimination, denial of due process and breach of contract. Some ten months later, while in the midst of discovery, plaintiff moved for a preliminary injunction reinstating him to the residency position pending final disposition of his allegations. From the district court's denial of such request, plaintiff now appeals on an interlocutory basis. He also seeks to appeal from a district court order denying him leave to amend his complaint. We perceive no error in the district court's decision to deny preliminary injunctive relief. The court applied the proper rule of law, having invoked the four-part test governing such determinations. See, e.g., Narragansett ___ ____ ____________ Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). _____________ ________ Accordingly, "[t]he only real question is whether the district court misused [its] discretion in evaluating the circumstances and calibrating the scales." Independent Oil & _________________ Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co., ______________________________ __________________________ 864 F.2d 927, 929 (1st Cir. 1988); accord, e.g., Conservation ______ ____ ____________ Law Foundation, Inc. v. Busey, 79 F.3d 1250, 1271 (1st Cir. ____________________ _____ -2- 1996) (taking note of the lower courts' "broad discretion" in this regard). On the basis of the limited record before it, the district court concluded that plaintiff had not demonstrated a probability of success on the merits, that he had not established irreparable harm, and that the balance of equities and the public interest both tilted in favor of denying injunctive relief. Having reviewed the record in full, and having scrutinized the court's findings "under a relatively deferential glass," Procter & Gamble, 864 F.2d at _________________ 929, we find no abuse of discretion.1 1 Plaintiff insists that his eventual success at trial is a foregone conclusion. Yet much of the evidence on which he relies is conclusory or otherwise inadmissible. It turns out that the parties' respective evidentiary submissions, when juxtaposed, do little to resolve the underlying factual disputes, particularly concerning the rationale for plaintiff's termination.2 And the district court cannot be 2 faulted for concluding that, until the allegations of unsatisfactory job performance have been resolved,  ____________________ 1 Given our disposition of the merits, we need not 1 address defendant's contention that jurisdiction is lacking under 28 U.S.C. 1292(a)(1) to review this ruling. See, ___ e.g., Narragansett Indian Tribe, 934 F.2d at 8 n.5. ____ _________________________ 2 With respect to his due process claim, plaintiff 2 objects that the lower court overlooked an allegation of state action in his complaint. That such an allegation does appear therein does not disturb the conclusion that, on the present record, plaintiff has not established a likelihood of success with respect to any of his claims.  -3- plaintiff's reinstatement to a position "with responsibility for life and death decisions," Order at 8, might adversely affect the public interest. Plaintiff's appeal from the denial of his motion to amend falters on a different basis: we lack jurisdiction at this juncture to review such an order. It is well settled that "denial of a request to amend a complaint is not usually appealable as an interlocutory matter." Kartell v. Blue _______ ____ Shield of Massachusetts, Inc., 687 F.2d 543, 551 (1st Cir. ______________________________ 1982); accord, e.g., 15A Charles Wright, Arthur Miller & ______ ____ Edward Cooper, Federal Practice and Procedure 3914.1, at _______________________________ 491 & n.7 (1992 & '96 Supp.) (citing cases). Nothing in the instant case calls for an exception to this rule. Plaintiff can obtain effective review of the court's ruling in this regard on appeal from final judgment. For these reasons, the order denying the motion for a preliminary injunction is affirmed. The appeal from the ________ order denying leave to amend the complaint is dismissed, _________ without prejudice, for lack of appellate jurisdiction. So ordered. __________ -4-